Stuart M. Richter (SBN 126231)
Gregory S. Korman (SBN 216931)
Paul A. Grammatico (SBN 246380)
**KATTEN MUCHIN ROSENMAN LLP**
515 South Flower Street, Suite 1000
Los Angeles, CA  90071
Telephone:   213.443.9000
Facsimile:    213.443.9001

Attorneys for Defendant, PHH Mortgage Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARINDER SUDHIR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHH MORTGAGE CORPORATION, DOES 1-25, INCLUSIVE<br><br>　　　　Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT, PHH MORTGAGE CORPORATION, PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)**<br><br>**(DIVERSITY OF CITIZENSHIP)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), defendant, PHH Mortgage Corporation ("PHH"), by and through its attorneys of record, hereby remove to this Court the state court action described below:

1.　　On January 22, 2016, an action was commenced in the Superior Court of the State of California, County of Contra Costa, under the caption and case number, *Varinder Sudhir v. PHH Mortgage Corporation, et al.*, Contra Costa County Superior Court Case No. CIVMSC16-00100 (the "Action"), alleging two causes of action against PHH for violations of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA") and the Consumer Credit Reporting Agencies Act ("CCRAA"). True and correct copies of all process, pleadings, and orders filed and served in the Action, specifically the

Summons, Complaint, Notice of Case Management Conference, Answer to the Complaint, protective order entered by the Court, case management conference statements, and PHH's Motion for Judgment on the Pleadings, are attached hereto as Exhibit A in compliance with 28 U.S.C. § 1446(a).

**I.   JURISDICITON – LOCAL RULE 3-5(a).**

2. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 . . . and is between . . . (1) citizens of different states[.]" Because the Court has original jurisdiction, the Action is removable pursuant to 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**A.   Diversity of Citizenship.**

3. Complete diversity exists between all named parties because no defendant is a citizen of the state in which this action is pending, which is where plaintiff is alleged to be a citizen.

4. Plaintiff, Varinder Sudhir, is a citizen of Contra Costa County. Compl., ¶ 2.

5. Defendant, PHH, is, and was at the time this Action was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business located in Mt. Laurel, New Jersey. *Id.*, ¶ 3. Accordingly, there is diversity of citizenship between Plaintiff and PHH.

6. PHH is the only defendant who is named in the Complaint, the only defendant who has been served, and the only defendant who has appeared.

**B.     Amount in Controversy.**

7.     The amount in controversy in this dispute exceeds $75,000. The Complaint makes only general allegations of damages and states that Plaintiff seeks an amount "which exceeds $25,000." *Id.*, p. 13: 8-9. However, Plaintiff's sworn responses to interrogatories, which he served on September 23, 2016, make clear that Plaintiff seeks damages in excess of $2 million based on alleged emotional distress and economic damages. Relevant portions of Plaintiff's interrogatory responses, which establish that the case meets the amount in controversy requirement, are attached hereto as Exhibit B (*see* response to Special Interrogatory No. 15).

## II.    REMOVAL TO THIS COURT IS TIMELY BECAUSE IT OCCURRED WITHIN 30 DAYS OF PHH'S RECEIPT OF PLAINTIFF'S SPECIAL INTERROGATORY RESPONSES, WHICH ESTABLISHED THE CASE AS REMOVABLE.

8.     Removal is timely. In cases where it is unclear from the Complaint whether the amount in controversy exceeds $75,000, the 30 day removal period does not begin to run until "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC § 1446(c)(3)(A). *See Huffman v. Saul Holdings Ltd. Partnership*, 194 F. 3d 1072, 1077 (10th Cir. 1999) (removal period did not commence where complaint sought "actual and punitive damages in excess of $10,000," because defendant "can only guess" whether the claim exceeds $75,000). "[T]he removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Id.*

9.     Here, the Complaint does not specify whether the amount in controversy requirement is met because it states only that the it is over $25,000.00. P. 13: 8-9. PHH conducted discovery on the matter and ascertained, via Plaintiff's interrogatory responses, that the amount exceeds $75,000.00. *See* Exhibit B. PHH filed this removal

notice within 30 days of September 23, 2016, which is the date it was served with said discovery responses. *See id.* Therefore, removal is timely.

### III. VENUE.

10. Pursuant to Local Rule 3-5(b), venue is proper here because the United States District Court for the Northern District of California is the district embracing the place where the state court Action is pending (*i.e.*, Contra Costa County, California). Pursuant to Local Rule 3-2(d), "all civil actions which arise in the counties of . . . Contra Costa . . . shall be assigned to the San Francisco Division or the Oakland Division." Thus, this case should be assigned to either the San Francisco Division or the Oakland Division.

11. PHH will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California, Contra Costa County, in accordance with 28 U.S.C. § 1446(d) and will serve a copy of this Notice of Removal upon Plaintiff.

WHEREFORE, PHH prays that the above Action now pending against it in the Superior Court of the State of California for the County of Contra Costa be removed therefrom to this Court.

Respectfully submitted,

Dated:  October 21, 2016         **KATTEN MUCHIN ROSENMAN LLP**

By: ___/s/ Paul A. Grammatico
Attorneys for Defendant, PHH Mortgage Corporation