IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VARINDER SUDHIR,

    Plaintiff,

v.

PHH MORTGAGE CORPORATION
and DOES 1–25, inclusive,

    Defendants.

No. C 16-06088 WHA

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO SECOND CLAIM**

## INTRODUCTION

In this action challenging defendant's debt collection and credit reporting practices, defendant moves for judgment on the pleadings as to the second claim pursuant to FRCP 12(c). For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

The following facts are taken from the complaint. Plaintiff Varinder Sudhir owns and rents two houses that are encumbered by first deeds of trust held by defendant PHH Mortgage Corporation. Despite Sudhir providing proof of existing insurance on the properties, PHH purchased forced placed insurance on the properties in January 2015. At the same time, PHH opened an escrow account, charged the account the insurance premiums, and increased Sudhir's monthly mortgage payment to account for the cost of the insurance.

Beginning in January 2015 until the filing of the complaint in state court on January 21, 2016, PHH notified credit reporting agencies that Sudhir's mortgage payments were thirty days or more past due, called Sudhir an estimated 600 times demanding payment, and sent letters and mortgage statements to Sudhir stating the loans were in default, despite Sudhir making the monthly payments on time and PHH's assertion that the insurance policies had been canceled.

Both parties agree that PHH serviced the mortgages, and that the mortgages are not in default now or when PHH initially acquired them. This motion, as both parties further agree, turns simply on whether PHH is considered a "debt collector" under California's Rosenthal Fair Debt Collection Practices Act even though Sudhir concedes PHH is not a debt collector under the federal Fair Debt Collection Practices Act.

Under the FDCPA, 15 U.S.C. 1692a:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. . . . The term does not include . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such a person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .

Under the Rosenthal Act, Section 1788.2 of the California Civil Code:

> The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

## ANALYSIS

Our court of appeals has held that "[j]udgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must

2

determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Ibid.*

Sudhir argues PHH is a debt collector under the Rosenthal Act because, unlike the federal act, it does not exclude persons attempting to collect debts that were not in default when they were acquired by the alleged debt collector. PHH argues it is not a debt collector because the definition of a debt collector under the Rosenthal Act is interpreted as coextensive with the same in the FDCPA, which Sudhir concedes does not apply to PHH. The California authorities have not addressed the issue. Nor has our court of appeals. Sudhir's argument is supported by persuasive district court decisions and a plain reading of the Act as a whole. This order thus finds a mortgage servicing company may be a debt collector under the Rosenthal Act.

Sudhir relies on *Walters v. Fidelity Mortgage of California*, 730 F. Supp. 2d 1185, 1203 (E.D. Cal. Aug. 4, 2010) (Judge Frank Damrell, Jr.). *Walters* denied the defendant loan servicer's motion to dismiss under Rule 12(b)(6) as to the plaintiff's allegations that her loan servicer misrepresented additional fees would be charged relating to her mortgage. The decision held that a loan servicer who regularly billed the plaintiff and collected payments on her mortgage was a debt collector under the Rosenthal Act because the broad definition of "debt collector" encompassed "'any person' who regularly engages in debt collection." *Ibid.*

Sudhir asserts PHH sent letters and mortgage statements demanding payments on the forced placed insurance that PHH had proof was unnecessary, as well as made 600 phone calls attempting to collect those wrongful charges. He provided specific dates the letters were sent on and described what they contained (Compl. at 3–8). Following the *Walters* decision, this order finds Sudhir sufficiently pleaded facts demonstrating PHH regularly engaged in debt collection.

PHH argues that the alleged demands for payment do not refer to debts that are "due and owing" as required by the Rosenthal Act. "Debt collection" is defined as "any act or practice in connection with the collection of consumer debts." "Consumer debt" is defined as "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code § 1788.2.

3

PHH relies on an opinion by the California Attorney General in 2002, finding that the phrase "due and owing" refers to "debts that have become delinquent and subject to immediate collection activities." 85 Ops. Cal. Atty. Gen. 215 (Oct. 29, 2002). The allegations meet this definition. PHH takes pains to point out Sudhir did not allege the loans were delinquent and immediately collectable. That is precisely the point. Sudhir claims the alleged demands for payment were misrepresentations by PHH, in violation of the Rosenthal Act, because he had already paid the correct amount. He nonetheless alleged facts sufficient to show PHH acted as if the debts had become delinquent and subject to immediate collection activities.

PHH separately argues that mortgage servicers should not be considered debt collectors because the Rosenthal Act mirrors the FDCPA. The published decision PHH relies on is *Lal v. American Home Servicing, Inc.,* 680 F. Supp. 2d 1218, 1224 (E.D. Cal. Jan. 19, 2010) (Judge Morrison England, Jr.). The *Lal* decision found both the Rosenthal Act's and the FDCPA's "intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts." 680 F. Supp. 2d 1218, 1224 (E.D. Cal. Jan. 19, 2010). The supporting decisions for this conclusion, all non-controlling, merely claim that absent a violation of the FDCPA, Rosenthal Act claims fail because the scope of the Rosenthal Act mirrors the FDCPA.

The Rosenthal Act does indeed adopt a majority of the FDCPA provisions. The Rosenthal Act also, however, provides more guidance in determining the extent of this mirroring. Under Section 1788.17 of the California Civil Code, the Rosenthal Act incorporates all of the substantive provisions applicable to debt collectors under the FDCPA, as well as the remedies for violations of those provisions, 15 U.S.C. 1692b-k. Section 1692a of the federal act, where debt collector is defined, was one of the few sections of the FDCPA that the California legislature did not incorporate in the Rosenthal Act.

The maxim *expressio unius est exclusio alterius* fits the situation. The express inclusion of many sections of the federal act, but not the section in question, implies the California legislature intended that this section not mirror the federal act in this regard. In fact, the expanded definition of "debt collector" in the Rosenthal Act was invited by the FDCPA's

4

preemption provision, which says "a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter." 15 U.S.C. 1692n.  The California legislature clearly intended and afforded greater protection to consumers by making the Act applicable to more types of creditors.  Therefore, this order rejects the contention that the definition of debt collector under the Rosenthal Act is just as restrictive as its counterpart in the FDCPA.

## CONCLUSION

For the reasons stated above, the motion for judgment on the pleadings as to the second claim is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5