1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VARINDER SUDHIR,

       Plaintiff,

  v.

PHH MORTGAGE CORPORATION,

       Defendant.

_____/

No. C 16-06088 WHA

**ORDER RE COUNSELS' JOINT
LETTER OF AUGUST 16, 2017,
RE DISCOVERY DISPUTE**

      The Court offered to hear the discovery dispute summarized in the August 16 letter on

August 24, then September 6, but counsel rejected both offers. Having read the joint letter, the

Court **RULES** as follows:

          The medical records sought by defendant are out of proportion to the

issues in this case and plaintiff's objection is **SUSTAINED**. Ordinarily, when a

plaintiff claims severe emotional distress, the other side is entitled to medical

records to test the claim, but in this case plaintiff will not be allowed to claim

"severe emotional distress" because of plaintiff's refusal to provide medical

records. The most that plaintiff may seek to establish would be the garden variety

emotional distress, and neither plaintiff nor his counsel may in any way suggest

that the emotional distress was "severe" nor, of course, may plaintiff use a

medical expert on this question. Plaintiff and plaintiff only can testify to the

garden variety emotional distress. In the event that the testimony extends beyond

the garden variety emotional distress, the Court will advise the jury that plaintiff refused to provide medical records to test this assertion and that it is unfair for plaintiff to seek more than the garden variety emotional distress.

**IT IS SO ORDERED.**

Dated:  August 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE